■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL DERON PONDER, Appellant.—Appeals by defendant, as limited by his motion, from a sentence and two amended sentences of the County Court, Suffolk County, all imposed March 29, 1978. Sentence affirmed. No opinion. Appeals from the amended sentences dismissed. The maximum terms of the amended sentences have expired. Gulotta, J. P., Cohalan, Margett and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANGEL RIOS, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, dated September 6, 1979, which granted the defendant's motion to dismiss the indictment against him, based upon the People's failure to instruct the Grand Jury that it had the option to remove the case to the Family Court. Order reversed, on the law, motion denied and indictment reinstated. CPL 190.71 (subd [b]) clearly limits the removal power of the Grand Jury to situations where three enumerated conditions are met. Since one of the requisites for Grand Jury removal of a charge against an accused juvenile offender to the Family Court is that the criminal act committed is one for which it may *not* indict (CPL 190.71, subd [b], par [1]), and since CPL 190.71 (subd [a]) expressly declares that robbery in the first degree (for which the defendant was indicted) is a crime for which a Grand Jury *may* indict, it is evident that the Grand Jury in the case at bar did not possess the option to remove the matter to the Family Court. Damiani, J. P., Gibbons, Gulotta and Weinstein, JJ., concur.